UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re: §
§
AGOSTO, SUZETTE § Case No. 14-35959 DRC
§
Debtor §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that GINA B. KROL, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
JEFFREY P. ALLSTEADT
219 S. Dearborn Street
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 11:00 AM on 07/22/2016 in Courtroom 240,
Kane County Courthouse
100 S Third Street
Geneva, IL  60134

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 06/27/2016         By: Gina B. Krol
                                                Trustee


*GINA B. KROL*
*105 WEST MADISON STREET*
*SUITE 1100*
*CHICAGO, IL 60602-0000*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS

| | |
|---|---|
| In re: § | |
| § | |
| AGOSTO, SUZETTE § | Case No. 14-35959 DRC |
| § | |
| Debtor § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT**
**AND APPLICATIONS FOR COMPENSATION**

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 33,000.00 |
| and approved disbursements of | $ | 17,880.95 |
| leaving a balance on hand of[1] | $ | 15,119.05 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000008 | Stonegate Mortgage Corporation Stonegate Mortgage Two Energy Square 4849 Greenville, Ave., Suite 800 Dallas, TX 75206 | $ 228,741.16 | $ 0.00 | $ 0.00 | $ 0.00 |

| | | |
|---|---|---|
| Total to be paid to secured creditors | $ | 0.00 |
| Remaining Balance | $ | 15,119.05 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: GINA B. KROL | $ 3,750.00 | $ 0.00 | $ 3,750.00 |
| Trustee Expenses: GINA B. KROL | $ 14.52 | $ 0.00 | $ 14.52 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Attorney for Trustee Fees: COHEN & KROL | $ 3,609.00 | $ 0.00 | $ 3,609.00 |
| Attorney for Trustee Expenses: COHEN & KROL | $ 75.56 | $ 0.00 | $ 75.56 |
| Other: Gene P. Graham | $ 13,200.00 | $ 13,200.00 | $ 0.00 |
| Other: Gene P. Graham | $ 1,550.39 | $ 1,550.39 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses         $         7,449.08

Remaining Balance                                              $         7,669.97

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 44,656.51 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 17.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank DB Servicing Corporation PO Box 3025 New Albany, OH 43054-3025 | $ 1,693.00 | $ 0.00 | $ 290.78 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | American Honda Finance Corporation National Bankruptcy Center P.O. Box 168088 Irving, TX 75016-8088 866-716-6441 | $ 5,108.13 | $ 0.00 | $ 877.35 |
| 000003 | TD BANK USA, N.A. C O WEINSTEIN, PINSON AND RILEY, PS 2001 WESTERN AVENUE, STE 400 SEATTLE, WA 98121 | $ 486.64 | $ 0.00 | $ 83.58 |
| 000004 | Bank of America, N.A. P O Box 982284 El Paso, TX 79998-2238 | $ 3,776.80 | $ 0.00 | $ 648.68 |
| 000005 | U.S. Small Business Administration 801 Tom Martin Drive, Suite 120 Birmingham, AL 35211 | $ 12,876.44 | $ 0.00 | $ 2,211.59 |
| 000006 | Quantum3 Group LLC as agent for Comenity Bank PO Box 788 Kirkland, WA 98083-0788 | $ 351.14 | $ 0.00 | $ 60.31 |
| 000007 | US DEPT OF EDUCATION CLAIMS FILING UNIT PO BOX 8973 MADISON, WI 53704-8973 | $ 5,754.99 | $ 0.00 | $ 988.45 |
| 000009 | ECAST SETTLEMENT CORPORATION, ASSIGNEE OF CITIBANK, N.A. POB 29262 NEW YORK, NY 10087-9262 | $ 2,504.64 | $ 0.00 | $ 430.18 |
| 000010 | EnerBank USA 1245 East Brickyard Road, Suite 600 Salt Lake City, Utah 84106 | $ 6,537.44 | $ 0.00 | $ 1,122.84 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000011 | Portfolio Recovery Associates, LLC Successor to Synchrony Bank (Amazon) POB 41067 Norfolk, VA 23541 | $ 1,627.63 | $ 0.00 | $ 279.55 |
| 000012 | Portfolio Recovery Associates, LLC Successor to Synchrony Bank (Walmart) POB 41067 Norfolk, VA 23541 | $ 1,166.33 | $ 0.00 | $ 200.32 |
| 000013 | Portfolio Recovery Associates, LLC Successor to Synchrony Bank (Jc Penney) POB 41067 Norfolk, VA 23541 | $ 1,594.81 | $ 0.00 | $ 273.92 |
| 000014 | Portfolio Recovery Associates, LLC Successor to Capital One Bank POB 41067 Norfolk, VA 23541 | $ 1,178.52 | $ 0.00 | $ 202.42 |

|  |  |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 7,669.97 |
| Remaining Balance | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/GINA B. KROL
                              Trustee

*GINA B. KROL*
*105 WEST MADISON STREET*
*SUITE 1100*
*CHICAGO, IL 60602-0000*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.